Curia, per Evans.
The service of process in these cases, was by delivery of copies to the President and. Casbier of the Bank, which, it is alleged, is insufficient. If I understand the ground on which it is moved to reverse the decision of the Circuit Court, it is that no judgment can be pronounced *37 against the Bank, until an appearance has been entered by an attorney appointed under the seal of the corporation. This is clearly the English practice, as laid down both in Tidd and Sellon. There, if the corporation does not appear, the plaintiff must proceed by distringas to coerce appearance: because, by their practice, so far as I can understand, the plaintiff cannot proceed until defendant has appeared — and if he does not voluntary appear, the plaintiff is authorized to enter an appearance for him, by the Stat. of 12 Geo. 1, c. 29. This Statute does not extend to corporations: .hence, the practice still continues of compelling an appearance by distraining their goods. By our practice, it is immaterial whether the defendant appears or not. If he does not, the plaintiff may proceed to file his declaration and take judgment by default. Corporations are artificial bodies, usually vested with the same rights of suing, and subjected to be sued like natural persons. They are represented by their officers and are made parties in Court by serving their officers with copies of the process. This was done in these cases, and so far as I am informed, has been the uniform practice in this State Even a sovereign State was made a party in the Federal Court by serving a copy of the writ on the Governor of the State and the Attorney General. This was the course pursued in the case of Chisolm vs. The State of Georgia, reported in Dallas, and the Court proceeded to give judgment, notwithstanding the refusal of Georgia to appear:
The motion is dismissed.